[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFFS MOTION TO REOPEN
The plaintiff's motion to reopen the judgment has been referred to the undersigned and for the following reasons it is hereby denied. The plaintiff has not advanced any meritorious reasons under Practice Book Section 17-4 or Section 52-212a of the General Statutes to open the judgment and allow an amendment of the pleadings. The plaintiff seeks to open the judgment to claim what could have been claimed, but was not claimed during the trial — that the real estate binder at issue was not in fact a legally enforceable contract to sell property, but rather an agreement to execute such a contract. This claim was not asserted by the plaintiffs in the pleadings, the evidence or the post trial memoranda. Although the court considered various ways the binder could be interpreted to explain its decision, a disposition of the dispute on the basis of a legal theory of this nature that was not explicitly litigated by the parties and for which the defendant did not have clear notice would have been error. See Bloom v. Zoning Board of Appeals, 233 Conn. 198,203-205 (1995). Whether a legally enforceable "agreement to agree" could have been established or whether any defenses to such a "claim would have prevailed are unclear and doubtful matters as the issues were not framed on this point. The general rule is that an agreement to agree is too indefinite to be legally binding when it requires a superseding contract the terms of which must be negotiated. See Fowler v. Weiss, 15 Conn. App. 690
(1988).
In short, the obvious motivation behind the instant motion is plaintiff's dissatisfaction with the final judgment. For example, the plaintiffs argue that the defendant waived strict adherence to the mortgage contingency date of the binder and this waiver issue was not addressed by the court. This issue was considered and rejected by the court by its finding that after the binders mortgage contingency date passed, the parties attempted to CT Page 3219 negotiate a new mortgage contingency date and these negotiationsfailed. In any event, the plaintiffs had the right to appeal and have any perceived errors of the judgment reviewed on appeal. The plaintiffs cannot utilize this dilatory and meritless motion to reopen in order to circumvent the filing of proper, post-trial motions and a direct appeal.
So ordered this ______ day of March 1999.
Stevens, J.